UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:10-cr-1 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| ROY WALSH | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| | ) | |

**ORDER**

Before the Court is Defendant's motion for compassionate release brought pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 31). Defendant asserts that compassionate release is appropriate based on concerns about the potential spread of COVID-19 in the federal prison population. (*See id.*)

A sentencing court may "modify a term of imprisonment once it has been imposed," after considering the applicable factors set forth in 18 U.S.C. § 3553(a), if "extraordinary and compelling reasons warrant such a reduction" and the defendant does not represent a danger to the safety of any other person or the community. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). However, before seeking a sentence reduction from the court, the defendant must exhaust administrative remedies by fully exhausting "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (holding that "this exhaustion requirement . . . is mandatory (there is no exception)").

Defendant has shown that he has satisfied the exhaustion requirements.  (*See* Doc. 31-1.)  Nevertheless, Defendant's motion and the relevant exhibits fail to demonstrate that he is entitled to relief under 18 U.S.C. § 3582(c)(1)(A), because there are not extraordinary and compelling reasons meriting a sentence reduction.

Defendant tested positive for COVID-19 in May 2020.  (*See* Doc. 40, at 7.)  His medical records from the BOP indicate that he was tested for COVID-19 on May 29, 2020, and that a positive result was recorded on May 30, 2020.  (*Id.*)  The records from his subsequent examination do not appear to reflect that he experienced any significant symptoms.  (*Id.* at 4–6.)  Fortunately, it appears Defendant was able to recover from COVID-19 without any serious illness.

In order to show extraordinary and compelling reasons for release based on a medical condition, a defendant must show that:  (i) "[t]he defendant is suffering from a terminal illness" or (ii) the defendant is:

> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A).  Because Defendant recovered from COVID-19 without any complications, the Court has no basis to find that the risk of contracting COVID-19 a second time rises to the level of a "serious physical or medical condition" or substantially diminish his ability to provide self-care in his present environment.  *See United States v. Clark*, No. 3:09-CR-90-CRS, 2020 WL 3977652, at *4 (W.D. Ky. July 14, 2020) (collecting cases of courts reaching similar conclusions).  Although the Court cannot say with certainty that he will not contract the

virus again, the Court cannot rightly reduce Defendant's sentence under 18 U.S.C. § 3582(c)(1)(A) based on speculation or the mere possibility that he could contract the virus again without any evidence to suggest that such is likely or would result in a condition that otherwise qualifies as an extraordinary and compelling reason for release under § 1B1.13. Accordingly, Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 31) is **DENIED**.

Should more conclusive research become available indicating that persons who have already recovered from COVID-19 are likely to contract the virus again and risk serious illness from a reinfection, Defendant is free to file another motion for compassionate release.

**SO ORDERED.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**